IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS LUNDBERG,            )  <br>                    Petitioner,   ) | Civil Action No. 07-258 Erie |
|                                              )  <br>v.                                           )  <br>                                              ) | District Judge McLaughlin |
| ATTORNEY GENERAL, et al.,   )  <br>                    Respondents. ) | Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice, and that a certificate of appealability be denied

### II.    REPORT[1]

#### A.    Relevant Procedural History

In 2002, Petitioner was charged with numerous crimes relating to his sexual molestation of a minor child, J.L., over the course of several years (from 1995 through 2001), beginning when she was nine years old. Mark Zearfous, Esq., represented him at his trial before the Court of Common Pleas of Cambria County. On May 22, 2003, the jury found him guilty on all counts. On September 9, 2003, the trial court sentenced him to serve an aggregate sentence of 13-26 years in prison. He appealed his judgment of sentence to the Superior Court of Pennsylvania, challenging the weight and sufficiency of the evidence and evidentiary rulings made by the trial court.

On September 10, 2004, the Superior Court issued a Memorandum affirming Petitioner's judgment of sentence. [Document 19, Commonwealth v. D.L., No. 1913 WDA 2003, slip op. (Pa.Super. Sept. 10, 2003)]. Petitioner did not file a petition for allowance of appeal ("PAA") to

---

[1] The Respondents have filed electronically relevant parts of the state court record at Documents 15-47.

1

the Supreme Court of Pennsylvania. Accordingly, his judgment of sentence became final on or around October 11, 2004, the date on which the 30 day period to file a PAA expired. Pa.R.App.P. 1113(a); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On September 7, 2005, Petitioner, through his new attorney David Beyer, Esq., filed a motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq*. He raised numerous claims of ineffective assistance of trial counsel. A hearing was held on December 20, 2005, and February 9, 2006. On March 23, 2006, the PCRA Court denied relief.

Petitioner appealed to the Superior Court. On March 5, 2007, it issued a Memorandum affirming the PCRA Court's decision. [Document 21, Commonwealth v. Lundberg, No. 733 WDA 2006, slip op. (Mar. 5, 2007)]. Petitioner did not file a PAA with the Pennsylvania Supreme Court.

On or around September 24, 2007,[2] Petitioner filed with this Court his *pro se* Petition for Writ of Habeas Corpus. [Document 4]. He raises numerous allegations in support of his claim that he was denied his Sixth Amendment right to effective trial counsel.[3] As relief, he seeks release from custody, or in the alternative, a new trial.

---

[2] September 24, 2007, is the date upon which Petitioner avers he placed the petition for writ of habeas corpus in the prison mailing system. Under the "mailbox rule," his petition will be considered filed on that date.

[3] The docket sheet for the Court of Common Pleas shows that, at an entry dated June 26, 2007, the court entered an Order denying Petitioner's application for *in forma pauperis* status. Another docket entry, dated August 14, 2007, shows that the court denied a request made by Petitioner on July 23, 2007, for appointment of counsel. Petitioner is challenging those decisions, but they do not raise claims that are cognizable in federal habeas. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state ... proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.") (internal citations omitted); see also Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction."). Nor do these allegations warrant the application of equitable tolling (discussed *infra*) to this case.

### B.     The Petition Is Untimely

In their Answer [Document 14], Respondents contend that Petitioner's habeas petition must be dismissed because it is untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). AEDPA requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A).[4] It also provides that "properly filed" applications for state post-conviction relief that are pending during its limitations period will statutorily toll the limitations period. 28 U.S.C. § 2244(d)(2).

As noted above, Petitioner's judgment of sentence became final on or around October 11, 2004. Therefore AEDPA's statute of limitations began to run on that date. It was statutorily tolled on the date he commenced his PCRA proceeding, which was September 7, 2005. Between those two dates, approximately 331 days had expired.

Once Petitioner's PCRA proceeding concluded, he had 34 days remaining under AEDPA's limitations period. His PCRA proceeding concluded, at the very latest, on or around April 4, 2007.[5] Swartz, 204 F.3d at 421-25 (limitations period for filing federal habeas petition was statutorily tolled during time between the Superior Court's ruling on petitioner's application for postconviction relief and the deadline for filing timely PAA, even though timely request for PAA was not filed). Thus, he had until on or around May 9, 2007, in which to file a timely federal habeas petition. His federal habeas petition was filed well beyond that date and is therefore untimely.

---

[4] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. His petition for writ of habeas corpus does not indicate that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). He has not asserted that his claims are based on a new constitutional right recognized by the Supreme Court of the United States and made retroactive to cases on collateral review. Id. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

[5] Petitioner had 30 days (until on or around April 4, 2007), to file a PAA from the Superior Court's March 5, 2007, Memorandum affirming the denial of PCRA relief. Pa.R.App.P. 1113(a).

Finally, Petitioner makes no case for equitable tolling of the limitations period. "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The United States Court of Appeals for the Third Circuit Court has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotations, citations, and bracketed text omitted). A petitioner seeking equitable tolling bears the burden of establishing that he has exercised reasonable diligence in attempting to investigate and bring his claims, and he was in some extraordinary way prevented from bringing his claims. Id. at 276-78; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Urcinoli v. Cathel, 546 F.3d 269, 272 -273 (3d Cir. 2008) (equitable tolling could apply if the defendant has actively misled the plaintiff or if the plaintiff has timely asserted his rights mistakenly in the wrong forum."). Petitioner has not established any basis to apply equitable tolling in this case.

### C.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Petitioner was filed within the

one-year limitations period which is provided for under AEDPA. Accordingly, a certificate of appealability should be denied.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed with prejudice and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  March 17, 2010

cc:   The Honorable Sean J. McLaughlin
      United States District Judge